UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NEIGHBORHOOD ENTERPRISES, INC., et al., | ) ) ) |
| Petitioners, | ) ) |
| vs. | ) Case No. 4:07CV1546 HEA ) |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) ) |
| Respondents, | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Respondents' Motion to Dismiss, [Doc. 29]. Petitioners oppose the motion. For the reasons set forth below, the motion is granted in part and denied in part.

**Procedural Background[1]**

On August 31, 2007, Respondents removed this action form the Circuit Court for the City of St. Louis, Missouri based on the Court's federal question jurisdiction. 28 U.S.C. § 1331. Respondents alleged in their Notice of Removal that the Petition raises particular federal questions which arise under the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the U.S. Constitution. Specifically, the Notice set forth that

---

[1] The Court's Opinion, Memorandum and Order of November 5, 2007 sets out the facts alleged in Petitioners' Petition, and therefore the facts will not be repeated herein.

> Respondents are specifically accused of violating Petitioners' rights of free speech under the First Amendment to the U.S. Constitution, Petitioners' federal equal protection rights under the 14th Amendment of the Constitution, and pursuant to 42 U.S.C. § 1983, of acting under color of law to deprive Petitioners of their civil rights to due process under law.

On November 5, 2007, this Court entered its Opinion, Memorandum and Order granting in part Respondents' Motion to Dismiss this action. The Court held that because the named individual members of the Board of Adjustment were named solely in their capacities as Board Members, and not in their individual capacities, they should be dismissed from the suit. The Court further found that the proper party to the suit was the Board of Adjustment, the entity which affirmed the Department of Building and Inspection's denial of Petitioners' sign permit.

Subsequent to the Court's Opinion, Petitioners moved to amend their Petition. Respondents did not object to the Motion, which the Court granted on November 26, 2007. The Amended Petition is styled "First Amended Petition for Writ of Certiorari and Civil Rights Complaint for Declaratory and Injunctive Relief." Added in this Amended Petition is the "St. Louis Department of Public Safety, Division of Building and Inspection" as a party Respondent.

## Motion to Dismiss Standard

The purpose of a motion to dismiss is to test the sufficiency of the complaint.

On May 21, 2007, the Supreme Court determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, ----, 127 S.Ct. 1955, 1969 (May 21, 2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Supreme Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Supreme Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966.

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Id.* at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson*

*v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997).

## Discussion

As their first basis for dismissal, Respondents argue that Petitioners cannot seek to separately strike down on constitutional grounds the City's Zoning Ordinance pertaining to sign regulation, as written and applied, within an action for review of the Board of Adjustment's ruling under Section 89.110, RSMo. Relying on Missouri law, Respondents urge dismissal of Petitioner's Section 1983 action. Respondents' reliance on Missouri procedural law fails to establish that this Court's jurisdiction is limited as well.

Original jurisdiction, the basis upon which Respondents removed this matter, is governed by 28 U.S.C. § 1331, which mandates that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Clearly, this Court has original jurisdiction over Petitioners' claims arising under 42 U.S.C. § 1983. Petitioners' Petition expressly invokes this federal statute and claims specific civil rights violations under it. Petitioners also seek judicial review of the Board of Adjustment's decision to

- 4 -

uphold the denial of the sign permit, pursuant to 89.110 RSMo. This Court does not have original jurisdiction over claims arising under state statute; nonetheless, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

Supplemental jurisdiction exists where "the relationship between [the federal question] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case .' " *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966); *see also Jinks v. Richland County,* 538 U.S. 456, 123 S.Ct. 1667, 1669 (2003) (holding that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). The United States Supreme Court explained supplemental, then known as "pendant," jurisdiction in this way:

> Pendant jurisdiction, in the sense of judicial *power,* exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority ...,' and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such

> that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole.

*Gibbs,* 383 U.S. at 726 (emphasis and alterations in original) (citations omitted); *see also Raygor v. Regents of the Univ. of Minnesota,* 534 U.S. 533, 539 (2002) (adopting the *Gibbs* definition of pendant jurisdiction); *Fielder v. Credit Acceptance Corp.,* 188 F.3d 1031, 1037 (8th Cir. 1999) (defining supplemental jurisdiction as over claims arising from a "common nucleus of operative fact" and stating that there is supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution")

The supplemental jurisdiction test set forth in *Gibbs* has been codified in 28 U.S.C. § 1367(a):

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Therefore, if plaintiff's claims under state law form part of the same case or controversy as his federal claims, then pursuant to § 1367(a) the Court is obliged to

exercise supplemental jurisdiction in the absence of one of the exceptions set forth in § 1367(c).

Respondents do not contend that this Court cannot review the denial of the permit under any of the exception set out in § 1367(c). In that the claims raised in Petitioners' Amended Petition for review form part of the same case or controversy as his federal claims, *i.e.* both arise out of the same nucleus of operative facts, the Court has supplemental jurisdiction over Petitioners' state claim. The Motion to Dismiss Petitioners' Civil Rights Complaint is therefore denied.

Respondents also seek dismissal of the St. Louis Department of Public Safety, Division of Building and Inspection. The Court agrees with Respondents' position. The Board of Adjustment, the entity which upheld the denial of the permit, is before the Court, and is the party against which this action should be brought, as I have previously held in my November 5, 2007 Opinion. The Department of Public Safety is a department of the City of St. Louis. The City of St. Louis is also before the Court. Quite frankly, I am at a loss as to why Petitioners seek to include the Department as a Respondent considering that the Board and the City are before this Court and it was the Board's action which provides a basis for review under Missouri law. In any event, the Motion to Dismiss the Department is well taken, and will be granted.

**Conclusion**

The Court has original and supplemental jurisdiction over the matters alleged in the Amended Petition such that both claims can be adjudicated in this proceeding. Furthermore, in that the Board of Adjustment is before the Court, and the Department of Public Safety, Division of Building and Inspection is not an entity separate from the City of St. Louis, the Department of Public Safety will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss, [Doc. 29] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that the Department of Public Safety, Division of Building and Inspection is DISMISSED from this action.

Dated this 17th day of March, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE