UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NEIGHBORHOOD ENTERPRISES, INC., et al., | ) ) ) |
| Petitioners, | ) ) |
| vs. | ) Case No. 4:07CV1546 HEA ) |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) ) |
| Respondents, | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on remand on Petitioners' Motion to Alter or Amend Judgment, [Doc. 100]. The City has indicated to the Court that it stands on previously filed memoranda. In its Opinion, Memorandum and Order Dated April 24, 2014, the Court determined that Respondents' repeal of Sections 26.68.030 and 26.68.050 and the amended 26.68.020, resolved the issues of whether the unconstitutional provisions' severability. Based on Petitioners' memorandum and supporting authority, the Court concludes that its conclusions were premature with regard to the revised code and therefore, Petitioner's motion is granted. The Opinion, Memorandum and Order dated April 24, 2014 is vacated and held for naught. The Judgment entered herein is accordingly vacated.

In its Opinion of July 31, 2011, the Eighth Circuit concluded that Respondent City of St. Louis' Zoning Code Sign Regulations Sections 26.68.020(17), 26.68.030 and 26.68.050 violated the Free Speech Clause of the

First Amendment.[1]  The Court remanded the matter for a determination by this Court of whether the unconstitutional provisions are severable from the remainder of Chapter 26.68 of the zoning code.

Respondent argues that the Eighth Circuit did not address the constitutionality of the size and location aspect of the regulations regarding signs, and therefore, this Court can still affirm the City's refusal to issue a permit to Petitioners.  As Petitioners correctly point out, the Appellate Court did, however, strike down the definition of "sign" itself, *ergo*, the size and location regulation can no longer be applied.

The relevant code provisions provide as follow:

Section 26.68.010 of the zoning code provides:

> These regulations shall govern and control the erection, remodeling, enlarging, moving, operation and maintenance of all signs by conforming uses within all zoning districts. Nothing herein contained shall be deemed a waiver of the provisions of any other ordinance or regulation applicable to signs. Signs located in areas governed by several ordinances and/or applicable regulations shall comply with all such ordinances and regulations.

Section 26.68.020(17) provides: For the purpose of this chapter the following terms, phrasing, words and their deviations shall have the meaning given herein:

* * *

17. Sign. "Sign" means any object or device or part thereof situated outdoors which is used to advertise, identify, display, direct or attract

---
[1] Petitioners ask the Court to declare these provisions unconstitutional.  As they clearly delineate in their pleadings, the Eighth Circuit Court of Appeals has already made this determinations.  Thus, this issue is not before the Court; the declaration has already been made by the Appellate Court.

attention to an object, person, institution, organization, business product, service, event, or location by any means including words, letters, figures, designs, symbols, fixtures, colors, motion illumination or projected images. Signs do not include the following:

a. Flags of nations, states and cities, fraternal, religious and civic organization;

b. Merchandise, pictures of models of products or services incorporated in a window display;

c. Time and temperature devices;

d. National, state, religious, fraternal, professional and civic symbols or crests, or on site ground based measure display device used to show time and subject matter of religious services;

e. Works of art which in no way identify a product.

If for any reason it cannot be readily determined whether or not an object is a sign, the Community Development Commission shall make such determination.

Section 26.68.050 of the zoning code is entitled "Political signs in F through K districts" and provides:

In addition to the signs exempted by Section 26.68.030 permits are not required for the following political signs in the F through K zoning districts:

A. Permitted Sign Types of Political Signs. Wall, ground, window and marquee.

B. Permitted Maximum Number of Political Signs. Three (3) signs for each premises or designated land area on which the signs are located.

C. Permitted Area of Political Signs. No limitation.

D. Permitted Maximum Height Above Grade of Political Signs. Twenty-five (25) feet.

E. Permitted Location of Political Signs. No limitation.

F. Permitted Illumination of Political Signs. May be illuminated by a concealed light source but shall not flash, blink or fluctuate.

G. Animation of Political Signs. Signs shall not be animated. (Ord. 59979 § 18 (part), 1986.)

In considering whether the unconstitutional provisions can be stricken without striking down the entirety of Chapter 26.68, the Court concludes they cannot. Without the definition of what constitutes a "sign," no regulation can ever be enforced. The remaining provisions no longer regulate anything since it cannot be determined from the remaining provisions what constitutes a "sign."

Petitioners have petitioned the Court to award them nominal damages as prevailing parties of $1.00. Based on the Eighth Circuit Opinion, the Court concludes Petitioners are the prevailing parties as they have successfully challenged the constitutionality of the stricken provisions. As such, Petitioners' prayer for nominal damages will be granted.

Petitioners also claim that there are enforcement issues of the sign code that relate their vested right in allowing their "mural" to remain as painted. At this time, the Court will reserve ruling and allow Respondents to respond to these allegations, as they have not been previously addressed by Respondents.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioners' Motion to Alter or Amend Judgment, [Doc. No. 100], is granted.

**IT IS HEREBY ORDERED** that Sections 26.68.020(17), 26.68.030 and 26.68.050 of the former Sign Code are not severable from Chapter 26.68.

**IT IS FURTHER ORDERED** that Petitioners' are awarded $1.00 nominal damages.

**IT IS FURTHER ORDERED** that Respondents are given 14 days from the date of this Opinion, Memorandum and Order to file a responsive brief to Petitioners' claim regarding the alleged vested right in their mural.

**IT IS FURTHER ORDERED** that Petitioners are given 14 days from the date of this Opinion, Memorandum and Order to amend their complaint if they so desire.

Dated this 31st day of October, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE