UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NEIGHBORHOOD ENTERPRISES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ST. LOUIS, et al., <br><br> Defendants. | Case 4:07-cv-01546-HEA |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS ON REMAND**

NOW COME the Plaintiffs, Neighborhood Enterprises, Inc., Sanctuary in the Ordinary, and Jim Roos (together, "Plaintiffs"), by their counsel, and move, pursuant to 42 U.S.C. § 1988, for an award of attorneys' fees and costs incurred in this matter. Plaintiffs are prevailing parties under the statute and are entitled to fees and costs. Plaintiffs have computed their reasonable attorneys' fees over the course of the 10 years of this case to be $ 159,843.75 and their costs to be $ 300. Plaintiffs therefore request that this Court issue an order awarding Plaintiffs their fees and costs in these amounts.

**FACTS**

This case began in 2007. Plaintiffs brought this case to vindicate their right to protest governmental abuse on property that they owned. They achieved two victories at the U.S. Court of Appeals for the Eighth Circuit, one of which was the basis for a split in the circuits that resulted in the U.S. Supreme Court adopting a similar legal standard for cases involving content-based regulations of signs. Because of Plaintiffs' suit, their protest mural remained on their

1

building for 10 years after the defendants here ordered them to take it down. They now seek the attorneys' fees and costs to which they are entitled.

Specifically, this important First Amendment case began on August 2, 2007, when Plaintiffs brought this suit in the St. Louis City Circuit Court regarding the mural protesting eminent domain abuse Plaintiffs had painted on a building they owned in St. Louis. Plaintiffs sued Defendants City of St. Louis (the "City") and St. Louis Board of Adjustment (together, "Defendants") challenging the denial of a sign permit for the mural and the constitutionality of provisions of Chapter 26.68 of the Revised Code of the City of St. Louis upon which the permit denial was based. Plaintiffs asserted federal constitutional claims pursuant to 42 U.S.C. § 1983 and federal and state constitutional claims pursuant to the Missouri Declaratory Judgments Act, Mo. Rev. Stat. § 527.010. Plaintiffs also sought a writ of certiorari pursuant to Mo. Rev. Stat. § 89.110. On August 31, 2007, Defendants removed the case to federal court. Notice of Removal, *Neighborhood Enters., Inc. v. City of St. Louis*, No. 4:07-cv-01546-HEA (E.D. Mo. Aug. 31, 2007), ECF No. 1.

Plaintiffs initially filed two cases, which this Court consolidated. *See* Order, *Neighborhood Enters., Inc. v. City of St. Louis*, No. 4:017-cv-01546-HEA (E.D. Mo. Sep. 26, 2007), ECF No. 21. One case was against the City and its Land Clearance for Redevelopment Authority and the St. Louis Development Corporation (together, the "LCRA"). The other, as noted above, was against the City and its Board of Adjustment. This Court dismissed the claim against the LCRA and Plaintiffs appealed to the Eighth Circuit, which reversed. *See Neighborhood Enters., Inc. v. City of St. Louis*, 540 F.3d 882 (8th Cir. 2008). On remand, the parties settled the case against the LCRA and Plaintiffs waived their entitlement to attorneys' fees arising from it.

On March 29, 2010, this Court granted summary judgment to Defendants in the case regarding the suit against the City and its Board of Adjustment. Op., Mem. & Order, *Neighborhood Enters., Inc. v. City of St. Louis*, No. 4:07-cv-01546-HEA (E.D. Mo. March 29, 2010), ECF No. 70. On April 26, 2011, Plaintiffs appealed this Court's grant of summary judgment to the U.S. Court of Appeals for the Eighth Circuit. Notice of Appeal, *Neighborhood Enters., Inc. v. City of St. Louis*, No. 4:07-cv-01546-HEA (E.D. Mo. April 26, 2011), ECF No. 72. On July 31, 2011, the Eighth Circuit reversed and concluded that the challenged provisions of the zoning code were impermissibly content based and failed strict scrutiny. It reversed and remanded the matter back to this Court for further proceedings consistent with its opinion. *Neighborhood Enters., Inc. v. City of St. Louis*, 644 F.3d 728 (8th Cir. 2011). Plaintiffs sought and the Eighth Circuit awarded their attorneys' fees for this appeal. Defendants then petitioned for a writ of certiorari to the U.S. Supreme Court. After a number of relistings, on February 21, 2012, the Supreme Court denied the petition. *City of St. Louis v. Neighborhood Enters., Inc.*, 565 U.S. 1197 (2012).

On remand, this Court entered its order holding a judgment against Defendants as a matter of federal constitutional law. Op., Mem. & Order, *Neighborhood Enters., Inc. v. City of St. Louis*, No. 4:07-cv-01546-HEA (E.D. Mo. Oct. 31, 2014), ECF No. 105 (the "Order"). In the Order, this Court specifically held that Plaintiffs "are the prevailing parties as they have successfully challenged the constitutionality of the stricken provisions." Order 4. The Order also awarded Plaintiffs one dollar ($1.00) in nominal damages. *Id.* at 4-5.

Because the City had revised its sign code since the inception of the litigation and the Order indicated that the City's sign code as it previously was written was unconstitutional, there remained the issue of whether Plaintiffs possessed a vested right to display the mural under the

current version of the sign code. This Court reserved ruling on the issue and directed the parties to file supplemental briefing on the issue of vested rights. Order 4-5. The parties did so in 2014. However, in 2017, after having his sign up for ten years, Jim Roos was ready to retire. Thus, two years after the parties filed that briefing, but before this Court had ruled on the vested rights issue, Plaintiffs sold the building upon which the mural was painted. The new owner of the building has indicated that it has no desire to retain the mural.

In the meantime, Plaintiffs' victory at the Eighth Circuit influenced the U.S. Supreme Court's decision to grant review in a case that extended protections for free speech on signs across the country. Specifically, the petitioners in *Reed v. Town of Gilbert* listed the Eighth Circuit's decision in this case as an example of the split in the circuit regarding the judicial treatment of content-based regulation of speech on signs. Petition for Writ of Certiorari at 21-22, *Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015) (No. 13-502) (discussing the Eighth Circuit's decision in this case as an example of a text-based test for content-based regulations and contrasting it to the motive-based test used by other circuits). In *Reed*, the U.S. Supreme Court adopted a test similar to the one used by the Eighth Circuit in this case. *Reed*, 135 S. Ct. at 2228 ("A law that is content based on its face is subject to strict scrutiny regardless of the government's benign motive, content-neutral justification, or lack of animus toward the ideas contained in the regulated speech") (citation and quotation marks omitted).

Prior to the Court's entry of the Order, Plaintiffs filed an unopposed motion to continue the time to file their bill of costs and motion for attorneys' fees until all appeals in the case had been finally adjudicated. Pls.' Unopposed Mot. Continue Time File Pls.' Bill Costs & Mot. Att'ys' Fees, *Neighborhood Enters., Inc. v. City of St. Louis*, No. 4:07-cv-01546-HEA (E.D. Mo., May 12, 2014), ECF No. 98. This Court granted that motion on May 13, 2014. Order,

*Neighborhood Enters., Inc. v. City of St. Louis*, No. 4:07-cv-01546-HEA (E.D. Mo. May 13, 2014), ECF No. 99.

In addition, the City brought two countersuits against Plaintiffs during the course of this case. The parties entered into settlement agreements dismissing both countersuits. *See* Stipulated Dismissal of Counterclaim, *Neighborhood Enters., Inc. v. City of St. Louis*, No. 4:07-cv-01546-HEA (E.D. Mo. January 30, 2009), ECF No. 58; Order Re: Mot. Dismiss Counterclaim, *Neighborhood Enters. v. City of St. Louis*, No. 4:07-cv-01546-HEA (E.D. Mo. March 18, 2015), ECF No. 120. As part of these settlements, Plaintiffs' agreed to waive any fees attributable to the countersuits and the City agreed that Plaintiffs could keep their mural during the pendency of this case.

Thus, only the issue of attorneys' fees remains before this Court.

## ARGUMENT

This motion raises two questions for this Court to resolve. First, are Plaintiffs entitled to statutory attorneys' fees and costs? And second, if so, what is the amount of the fees and costs to which Plaintiffs are entitled? The answer to the first question is "yes." Plaintiffs are entitled to attorneys' fees and costs because they are unambiguously prevailing parties and no special circumstances exist here that would make an award of fees and costs unjust. The answer to the second question is that Plaintiffs are entitled to $ 159,843.75 in reasonable attorneys' fees. Plaintiffs derived this number by multiplying the number of hours reasonably expended on this case by the reasonable hourly fees, a calculation known as the lodestar method. In addition, to these statutory fees, Plaintiffs are entitled to an award of $ 300 in costs in this case.

**I.      Plaintiffs Are Entitled to Fees and Costs as Prevailing Parties**

5

In the Order, this Court specifically held that Plaintiffs are prevailing parties here and awarded nominal damages to Plaintiffs. Order 4. Under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 ("Section 1988"), a "court, in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of the costs." Thus, under Section 1988, Plaintiffs are entitled to an award of fees and costs.

A prevailing party is "one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 603 (2001). *See also Yankton Sch. Dist. v. Schramm*, 93 F.3d 1369, 1377 (8th Cir. 1996) ("A party prevails if it succeeded on any significant issue which achieved some of the benefit it sought"). An award of nominal damages is sufficient to indicate that the plaintiff is a prevailing party. *Farrar v. Hobby*, 506 U.S. 103, 112 (1992) ("[A] plaintiff who wins nominal damages is a prevailing party under § 1988").  Here, Plaintiffs are prevailing parties because they succeeded on the issue of the unconstitutionality of the City's sign code as it was previously constituted. Indeed, it is difficult to imagine how much more prevailing Plaintiffs could have been—they won at both the Eighth Circuit and before this Court, their sign remained up ten years after the City ordered them to take it down, and Eighth Circuit's decision in this case influenced the development of this area of the law nationwide. Moreover, this Court awarded Plaintiffs nominal damages. Order 4-5. As such, Plaintiffs meet the definition of "prevailing parties" and are entitled to fees and costs under Section 1988.

Nor are there any "special circumstances" in this case that would render such an award unjust. *See Newman v. Piggie Park Enters. Inc.*, 390 U.S. 400, 402 (1968) (A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust"). In determining whether "special circumstances" exist, courts look to whether (1)

6

allowing attorneys' fees would further the purposes of Section 1988, and (2) the balance of equities favors or disfavors the denial of fees. *Gilbrook v. City of Westminster*, 177 F.3d 839, 878 (9th Cir. 1999). The "special circumstances" exception should be narrowly construed and the government must make a "strong showing" in order to render an award unjust. *Hatfield v. Hayes*, 877 F.2d 717, 721 (8th Cir. 1989).

The congressional purpose in providing attorneys' fees in civil rights claims was to eliminate financial barriers to the vindication of constitutional rights and to stimulate voluntary compliance with the law. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air I*, 478 U.S. 546, 565 (1986); *see also Perdue v. Kenny A. by Winn*, 559 U.S. 542, 550 (2010) (stating that "Congress enacted 42 U.S.C. § 1988 in order to ensure that federal rights are adequately enforced"). Plaintiffs—a non-profit, low-income housing provider; a self-supporting housing ministry; and their founder—vindicated their free speech right to protest government action by bringing this lawsuit against the municipal government that had violated those rights. Their suit thus fits squarely within the congressional purpose of the statute. Moreover, Plaintiffs are unaware of any equitable considerations that would render an award unjust. As such, there is no evidence—and certainly nothing that would constitute a "strong showing"—that would support a finding that an award of fees and costs would be unjust.

For these reasons, Plaintiffs are entitled to fees and costs.

**II.     Calculation of the Fee Amount**

Having determined that Plaintiffs are entitled to fees, the next issue is what should the amount of such fees be?

The customary method of determining the permissible award of attorneys' fees recoverable under Section 1988 is the lodestar method. *Fish v. St. Cloud State Univ.*, 295 F.3d

849, 851 (8th Cir. 2002). The lodestar is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates. *Id*. A strong presumption exists that the lodestar represents the reasonable fee for a prevailing plaintiff. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). To claim entitlement to the lodestar, "the applicant must submit adequate documentation of hours, and 'should make a good-faith effort to exclude from [his] fee request hours that are excessive, redundant, or otherwise unnecessary.'" *Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1137–38 (E.D. Mo. 1998) (quoting *Hensley*, 461 U.S. 424, 434 (1983)).

Below, Plaintiffs apply the lodestar to determine the amount of fees they seek. Plaintiffs first establish the reasonably hourly rates for the relevant attorneys and staff, namely that their attorneys are entitled to reasonably hourly rates ranging from $175 to $300 per hour. Plaintiffs then establish, with supporting documentation, the number of hours reasonably expanded by these attorneys and staff. As part of this discussion, Plaintiffs address the work for which they seek fees and the hours that they have excised from their fee request. Finally, Plaintiffs discuss the level of success achieved in this case and how this level affects the fee request.

**A.    Calculation of the Reasonable Hourly Rate**

Plaintiffs have determined their reasonable hourly rates as follows, taking into account changes in experience and positions within the firm:

- William R. Maurer (attorney with 13 to 23 years of experience during this case): For work performed 2007-2012: $275/hour. For work performed 2012-2017: $300/hour.

8

- Michael Bindas (attorney with 6 to 16 years of experience during this case): For work performed 2007-2012: $250/hour. For work performed 2012-2017: $275/hour.

- Allison Daniels (attorney with 2 years of experience): Work performed solely in 2017: $175/hour.

- Madeline Roche and Casey Dainsberg (paralegals): $100/hour.

As discussed below, these rates are based federal decisions where the courts have found reasonable hourly rates in the metropolitan St. Louis market. In addition to these decisions, Plaintiffs also provide this Court with the declaration of Mark J. Bremer, a partner with the St. Louis firm of Shands, Elbert, Gianoulakis & Giljum, LLP, attesting to the reasonableness of these rates in the metropolitan St. Louis market. This declaration is attached as Attachment C.

Generally, "a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002) (quoting *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001)). When determining reasonable hourly rates, courts may draw on their own experience and knowledge of prevailing market rates. *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005). The prevailing market rate should be used as the touchstone for the "reasonable rate" determination, even if the rate charged was less than that amount. *Blum v. Stenson*, 465 U.S. 886, 895 (1984) (determining that the statue and legislative history of Section 1988 establishes that fee awards "are calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel"). Reasonable hourly rates should reflect the value of each respective attorney's experience and expertise in the relevant market—in this case, the metropolitan St. Louis area. *Id.* at n. 11.

The fee applicant bears the burden of producing sufficient evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id*. Evidence of market rates can come from, among other things, fee awards received by attorneys in similar cases, as well as market surveys. *See e.g., Banks v. Slay*, 4:13CV02158 ERW, 2016 WL 5870059, at *2 (E.D. Mo. Oct. 7, 2016).

In *Biery v. United States,* 818 F.3d 704, 715 (Fed. Cir. 2016), the U.S. Court of Appeals for the Federal Circuit affirmed the methodology used by the U.S. Court of Federal Claims to determine the reasonable hourly rate for attorneys in the metropolitan St. Louis market. The Court of Federal Claims determined the reasonable hourly rate for St. Louis attorneys by reviewing decisions from the U.S. District Court for the Eastern District of Missouri in cases concerning attorneys' fees. *Biery v. United States*, 2014 U.S. Claims LEXIS 164 at *26 (Ct. Fed. Cl. Jan. 24, 2014).  Specifically, the court looked at the fees and hourly rates awarded in the following cases: *Anaconda v. Templeton*, No. 4:10-CV-626-RWS, 2012 U.S. Dist. LEXIS 134396 (E.D. Mo. Sep. 20, 2012) (rates for attorneys ranging from $200/hour to $225/hour); *Lakeside Roofing Co. v. Nixon*, No. 4:10-CV-1761-JHC, 2013 U.S. Dist. LEXIS 1943 (E.D. Mo. Jan. 7, 2013) (rates for attorneys range from $200/hour to $350/hour and a rate for a paralegal of $160.40/hour); *Lupo v. Hooter's of St. Peters, LLC*, No. 4:13-CV-601-CAS, 2013 U.S. Dist. LEXIS 88046 (E.D. Mo. June 24, 2013) (attorney rate of $325/hour), and *West v. Matthews Int'l Corp.*, No. 4:09-CV-1867-DDN, 2011 U.S. Dist. LEXIS 99705 (E.D. Mo. Sep. 6, 2011) (attorney rates of $350/hour for a partner, $250/hour for an associate). Reviewing all these decisions, the Court of Federal Claims concluded that a reasonable hourly rate in the

10

metropolitan St. Louis market was (as of 2014) $375 for partners, $200 for associates, and $100 for paralegals. *Biery*, 2014 U.S. Claims LEXIS at * 26.

Similarly, in *Koenig v. Bourdeau Constr. LLC*, No. 4:13-CV-00477-SNLJ, 2014 U.S. Dist. LEXIS 165208, at *10 (E.D. Mo. Nov. 26, 2014), this Court concluded that fees of $350 per hour for an attorney with 26 years of experience, $250 hour for a more junior attorney, and $62.50 to $92 per hour for paralegals to be reasonable rates in the St. Louis market.

More recently, this Court concluded, in *Abdullah v. Cnty. of St. Louis*, No. 4:14-CV-1436-CDP, 2015 U.S. Dist. LEXIS 128183, at *14 (E.D. Mo. Sep. 24, 2015), that a fee of $400 per hour for a partner, $350 for an associate, and $150 for paralegals were reasonable hourly rates for the metropolitan St. Louis market.

In sum, the federal courts have found rates of between $200-$400/hour for attorneys overall (and specifically $350-$400 for partners and $200-$350 for associates) and $62.50-$160.40 for paralegals.

Based on the rates found to be reasonable by this Court, the Court of Federal Claims, and the U.S. Court of Appeals for the Federal Circuit, the hourly rates sought by Plaintiffs in this case are reasonable.

    **B.**    **Computation of the Lodestar**

        **1.**    **Proof of Hours**

Following a determination of a reasonable rate for Plaintiffs' counsel, the Court next reviews the requested hours. In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended. *Blum*, 465 U.S. at 895 n. 11. Hours eligible for attorneys' fees are those reasonably spent on the litigation

11

and not considered excessive, duplicative, or inadequately documented. *Hensley*, 461 U.S. at 432-34.

To prove the reasonableness of hours, the prevailing party must provide the court with evidence sufficient for the court to determine what hours are recoverable. *Id.* at 437. Contemporaneous time records may be submitted to document the number of hours expended on the litigation. *Id.* at 433. Here, each hour of professional effort expended on behalf of Plaintiffs' counsel for whom fees are sought is detailed in the attached declarations of Plaintiffs' counsel, with contemporaneous time records attached to such declarations. The time records detail with specificity both the number of hours expended on the litigation and the work completed during those hours. These time records were maintained in the normal course of business.

As reflected in the billing spreadsheets, (i) William R. Maurer billed 100 hours for 2007-2009, and 54.5 hours for 2014-2017, (ii) Michael Bindas billed 437 hours for 2007-2012, and 4.75 hours in 2014, (iii) Allison Daniel billed 18.5 hours in 2017, and (iv) Madeline Roche and Casey Dainsberg together billed 32 hours from 2007-2017.[1]

### 2. Hours Excised from Time Computation

In addition to excising time that is excessive, redundant, or otherwise unnecessary, Plaintiffs have exercised billing judgment and excised the following time from their fee request:

- Time charged by numerous other attorneys besides Mr. Maurer, Mr. Bindas, and Ms. Daniel; and

---

[1] Years not listed mean that Plaintiffs are not seeking to recover for any time charged by that attorney in that year.

- Time spent by law clerks, legal assistants, and any other paralegals besides Ms. Roche and Ms. Dainsberg.[2]

Plaintiffs have also excised fees billable to this case that they have already recovered or the entitlement to which they have waived as part of settlement with the City. These fees include:

- Any time billed pursuant to claims against the St. Louis Development Corporation and the St. Louis Land Clearance for Redevelopment Authority, including any time billed at the Eighth Circuit. *See Neighborhood Enters., Inc. v. City of St. Louis*, 540 F.3d 882 (8th Cir. 2008);

- Any time billed to the Eighth Circuit appeal in this case. *See Neighborhood Enters., Inc. v. City of St. Louis*, 644 F.3d 728 (8th Cir. 2011), for which fees have already been awarded;[3] and

- Any time billed regarding the City's counterclaims.

With these modifications, the hours indicated on the billing spreadsheets are of a reasonable amount, especially in light of the fact that this case has been ongoing for 10 years.[4]

---

[2] Plaintiffs were also represented in this matter by St. Louis attorney John B. Randall. Mr. Randall is not, and has never been, an employee of the firm that employees Plaintiffs' other attorneys, the Institute for Justice (IJ). Attorneys from IJ have attempted to contact Mr. Randall to inform him that he may be entitled to fees for time billed to this case. However, after diligently searching, IJ attorneys have been unable to find Mr. Randall and he has provided IJ with no forwarding contact information. IJ has thus added David E. Roland as local counsel in this matter, but Plaintiffs are not seeking fees for any work performed by him.

[3] Plaintiffs have not excised time billed to respond to the City's petition for a writ of certiorari regarding the Eighth Circuit's decision because the fee award at the Eighth Circuit did not include fees expended for that response.

[4] This time includes time spent preparing this Motion for attorneys' fees. "[T]he reasonable time spent preparing a motion for an attorney's fee award ordinarily should be included in calculating a reasonable fee." *Emmeneggar*, 33 F. Supp. 2d at 1140. Here, the preparation of this Motion was a considerable undertaking. It involved (i) reviewing 10 years of billing records, (ii) redacting privileged information, and (iii) excising entries for which Plaintiffs could not, or

13

### C. The Lodestar Should Not be Adjusted

After the lodestar is calculated, the court then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of certain factors that are not already subsumed in the initial lodestar calculation. *See Hensley*, 461 U.S. at 434 ("The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the results obtained") (quotation marks omitted)). Plaintiffs do not seek any upward adjustment to the lodestar in this case. In light of the results obtained (i.e., Plaintiffs prevailed entirely on their free speech argument, influenced a national resolution in the split in the circuits regarding content-based regulation of signs, were awarded one dollar, and kept their mural for 10 years), no downward adjustment is warranted.

## III. Plaintiffs Are Entitled to Costs

Section 1988 expressly authorizes an award of costs to the prevailing plaintiff. Both parties worked diligently and cooperatively to minimize the costs of litigation in this matter. Consequently, Plaintiffs only seek the cost of their fees to be admitted *pro hac vice* in this case. A completed Bill of Costs with receipts attached thereto accompanies this Motion and Memorandum.

## CONCLUSION

Plaintiffs respectfully request that this Court award them $ 159,843.75 in attorneys' fees and $ 300 in costs pursuant to its authority under 42 U.S.C. § 1988.

---

chose not to, recover. Also included in the fee amount is the time Plaintiffs' attorneys spent on the vested rights issue. While this issue was not resolved by this Court, Plaintiffs' arguments that it possessed a vested right in the mural resulted in the mural remaining on the building for another two-plus years.

Respectfully submitted this 26th day of June, 2017.

                    INSTITUTE FOR JUSTICE

                    /s/William R. Maurer
                    Michael E. Bindas, WA No. 31590 (pro hac vice)
                    William R. Maurer, WA No. 25451 (pro hac vice)
                    Allison D. Daniel, FL No. 118618 (pro hac vice)
                    Institute for Justice
                    10500 NE 8th Street, Suite 1760
                    Bellevue, WA 98004-4309
                    Telephone: (425) 646-9300
                    Fax: (425) 990-6500
                    E-mail: mbindas@ij.org;
                              wmaurer@ij.org;
                              adaniel@ij.org

                    David E. Roland, MO Bar No. 60548MO
                    FREEDOM CENTER OF MISSOURI
                    Audrain Road 815
                    Mexico, Missouri 65265
                    Phone: (314) 604-6621

                    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June, 2017, this **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS ON REMAND** with attached Declarations and Exhibits was electronically served on the below parties using the CM/ECF system of the United States District Court for the Eastern District of Missouri:

Matthew M. Moak #41509 MO
Associate City Counselor
Robert M. Hibbs #41668 MO
Assistant City Counselor
1520 Market Street, Room 4025
St. Louis, Missouri 63103
Telephone: (314) 657-1306
Fax: (314) 641-8280
Email: MoakM@stlouis-mo.gov; HibbsR@stlouis-mo.gov

*Attorneys for Defendant*

**INSTITUTE FOR JUSTICE**

/s/ William R. Maurer
William R. Maurer, WA No. 25451
(pro hac vice)