UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NEIGHBORHOOD ENTERPRISES, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CASE NO. 4:07CV1546 HEA ) |
| CITY OF ST.LOUIS, et al., | ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees and costs on remand, [Doc. No. 129] and Plaintiff's Bill of Costs, [Doc. No. 131]. Defendant has filed a response in opposition to the Motion for Attorneys' Fees.

Plaintiffs seek attorneys' fees in the in the amount of $159,843.75 as the prevailing parties in the Section 1983 action and costs in the amount of $300. Defendants did not object to Plaintiffs' Bill of Costs, and the Court finds the submitted Costs to be recoverable. Costs will be taxed against Defendants.

With respect to the Motion for Attorneys' Fees, Plaintiffs have submitted their itemized statement of the time expended by counsel. Plaintiffs have derived the amount by multiplying the number of hours expended on this case by the hourly fees of counsel.

Defendants object on several grounds. Initially, Defendants argue that special circumstances exist in this case to deny attorney's fees and costs. They argue that under the new sign code, Plaintiff's would not be the prevailing party in any post-new Sign Code definition of "sign." This argument lacks merit because it is based entirely on speculation and a hypothetical that is not before the Court.

Likewise, the fact that Defendants acted within the bounds of the law at the time of the denial of the sign permit and had a good faith belief that the sign at issue was not within the scope of the law is unavailing. *Carhart v.* Stenberg, 192 F.3d 1142, 1152 (8th Cir. 1999); Martin *v. Heckler*, 773 F.2d 1145, 1150 (8th Cir. 1985).

Defendants also object to certain fees charged by counsel. Defendants seek denial of the charges for attorney travel time. In the Eighth Circuit, travel time is allowable time. "We have long recognized a 'presumption ... that a reasonable attorney's fee includes reasonable travel time billed at the same hourly rate as the lawyer's normal working time,' *Craik v. Minn. State Univ. Bd.,* 738 F.2d 348, 350 (8th Cir.1984), absent a showing the award would be unreasonable, for example, because 'the lawyer did not customarily charge clients for travel time, or ... did not have other work that could have been done during that time had he not been traveling,' *Rose Confections, Inc. v. Ambrosia Chocolate Co.,* 816 F.2d 381, 396 (8th Cir.1987)." *Ludlow v. BNSF Ry. Co.*, 788 F.3d 794, 803–04 (8th Cir. 2015).

Defendants also object to the inclusion of fees charged for preparation of the response to the City's petition for a writ of certiorari in this case. A

> factor that has been considered in deciding whether post-judgment fees were necessary and useful is whether the attorneys' activity was defensive, seeking to preserve relief obtained earlier, or offensive, seeking to augment what had already been approved. In *Ustrak v. Fairman,* the Seventh Circuit distinguished between a case in which the fee applicant unsuccessfully defends an appeal of relief he has won below and a case in which the fee applicant unsuccessfully appeals, seeking to expand his victory. 851 F.2d at 990. The Seventh Circuit concluded that it would be more likely to award fees in the former case than in the latter. We have referred to this case with approval in *Schafer,* 83 F.3d at 1012, and denied a fee where the prevailing party was seeking a greater victory, rather than defending the remedy.

*Jenkins by Jenkins v. State of Mo.*, 127 F.3d 709, 719 (8th Cir. 1997). Clearly opposing the petition for writ of certiorari was defensive and not offensive to this litigation. The objection is overruled.

Defendants argue that Plaintiffs' fee request should be reduce because the time entries submitted were improper "block billing." While the entries do not indicate how many minutes were spent on each particular task, they are sufficiently specific to communicate the work that was done and its connection to the case. Furthermore, there is no evidence that attorneys were spending an excessive amount of time on their tasks or duplicating the work done by others. "Defendant's position that counsel should be required to more specifically detail how his/her time was expended would place a tremendous burden on any counsel and would result in inefficient utilization of counsel's time."

*Monsanto Company v. David*, No. 4:04CV425HEA, 2006 WL 2669076, at *1

(E.D. Mo. Sept. 14, 2006). The Court finds that the billing report sufficiently

details the actions taken by the attorneys to allow for meaningful review of the

hours expended, so a percentage reduction for block billing is unwarranted here.

Finally, Defendants argue that some of counsel's time appears excessive.

Defendants have presented no persuasive evidence or argument in support of their

assessment of the time spent of particular issues.  As counsel points out, the

attorneys in this matter were required to prosecute claims that were unsettled at the

outset of the case, revise pleadings after the City made significant changes to the

ordinance at issue and pursue an appeal of this matter.  Moreover, Plaintiffs point

out that they have diligently attempted to reduce the hours by excluding any hours

billed by attorneys other than lead counsel.  The Court therefore concludes that a

reduction for excessive billing is not justified.

After considering all the relevant factors, the Court finds that an award of

fees is appropriate, and that Plaintiffs' requested fees are reasonable. The Court

will award fees in the total amount of $159,843.75.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorneys' Fees

And Cost, [Doc. No.129] is **granted.**

**IT IS FURTHER ORDERED** that Plaintiffs are awarded attorneys' fees in

the amount of $159,843.75 and Costs in the amount of $300.

Dated this 15th day of December, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE